IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY L. FINLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:07cv225 |
| WASHINGTON MUTUAL BANK, F.A., | § | |
| WELLS FARGO BANK, N.A., AND | § | |
| WELLS FARGO HOME | § | |
| MORTGAGE, INC., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES**
**<u>MAGISTRATE JUDGE</u>**

Now before the Court is Washington Mutual's Motion for Judgment on the Pleadings (Dkt. 14). Having considered the motion and the record before it, the Court finds that it should be denied, as set forth below.

In its motion, Washington Mutual seeks to dismiss Plaintiff's DTPA and fraud claims. Defendant argues that Plaintiff is not a consumer and that his factual allegations are insufficient to support his DTPA claim. Defendant also argues that Plaintiff's fraud allegations do not satisfy the heightened pleading requirements for fraud claims required by Rule 9(b) of the Rules of Civil Procedure, and therefore should be dismissed. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Washington mutual specifically relies on Rule 12(c) as the basis for such dismissal. Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any

1

party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Properties*, 914 F.2d 74, 77 (5th Cir. 1990).

Washington Mutual filed its motion for judgment on the pleadings on July 25, 2007. Under this Court's scheduling order, the deadline to amend pleadings was not until October 1, 2007. *See* Dkt. 19. And, on October 1, 2007, Plaintiff filed his Amended Complaint, in compliance with that order. *See* Dkt. 22. Rule 7(a) indicates that pleadings are closed once an answer has been filed, or if the answer contains a cross-claim, an answer to the cross-claim has been filed. According to the rule, "[n]o pleading shall be allowed" after an answer is filed. FED. R. CIV. P. 7(a); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §1367 (2007) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings."). However, the clear language of the scheduling order here states that leave is not required to file amended pleadings on or before October 1, 2007. Therefore, the Court expressly left the pleadings period open until that date, making Rule 7(a)'s general provisions regarding the close of pleadings inapplicable.

The Court finds that judgment on the pleadings is not appropriate here. The pleadings were not closed at the time the motion was filed.

Curiously, Plaintiff does not raise this fundamental problem with Defendant's 12(c) motion– that it was before the close of pleadings – but rather responds under a general 12(b)(6) standard.[1] The Court declines to apply such a shifting sands analysis to Defendant's motion and disregard the standard invoked by Defendant. Defendant's motion is expressly brought pursuant to Rule 12(c) of the Rules of Civil Procedure, which expressly states it is to be raised "*[a]fter* the pleadings are closed." They were not here, and, indeed, Plaintiff filed an amended pleading within the deadlines set forth under the scheduling order. For this reason, the Court finds that judgment on the pleadings would be premature.

In any event, Defendant has not responded to Plaintiff's argument that he has cured the alleged deficiencies in his pleadings with the filing of his amended complaint, thereby rendering Defendant's motion moot. The Court will not do Defendant's work for it. If Defendant seeks judgment on the pleadings, it must show the Court how it is entitled to judgment on the *live* pleadings. Because Plaintiff amended his complaint, and because Defendant has not otherwise shown how its arguments remain unchanged post-amendment, the Court finds that Defendant's motion for judgment on the pleadings – as it is currently before the Court – should be denied as moot.

---

[1]The Court notes that, although it granted Plaintiff's request for leave to file a late response (which was requested almost four months after Defendant's motion was filed), Plaintiff's response is not directed at Defendant Washington Mutual's motion, but rather appears to respond to a similar motion filed by a dismissed co-defendant, Wells Fargo. Although the Court has considered the arguments contained in the response as they seem to be equally applicable to both Defendants, the Court cautions that Plaintiff's carelessness in respect to the record is not favored and will not be tolerated in the future.

## Recommendation

Based on the foregoing, the Court recommends that Washington Mutual's Motion for Judgment on the Pleadings (Dkt. 14) be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of February, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE